**FORM B9A** (Chapter 7 Individual or Joint Debtor No Asset Case) (12/1/11)  Case Number **12–32119–PGH**

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
### www.flsb.uscourts.gov

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 9/17/12.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.

All documents filed in the case may be accessed electronically via CM/ECF including at the public access terminals in every clerk's office.
**NOTE: THE STAFF OF THE BANKRUPTCY CLERK'S OFFICE CANNOT GIVE LEGAL ADVICE.**

**\*\* See Reverse Side For Important Explanations and SDFL Local Court Requirements. \*\***

**Debtor(s) name(s) and address(es)** (for names include married, maiden and trade used by the debtor(s) in the last 8 years):
John Mark Marino
aka Ronald M Hunter
6461 NW 2 Ave
Boca Raton, FL 33487

| Case Number: | Last four digits of Social–Security or Individual Taxpayer–ID (ITIN) No(s)./Complete EIN: |
|---|---|
| 12-32119–PGH | xxx–xx–3803 |

| Attorney for Debtor(s) (or Pro Se Debtor) name and address: | Bankruptcy Trustee (name and address): |
|---|---|
| John Mark Marino<br>6461 NW 2 Ave<br>Boca Raton, FL 33487 | Margaret J. Smith<br>1101 Brickell Ave # S–503<br>Miami, FL 33131<br>**Telephone number:** (305) 358–6092 |

## MEETING OF CREDITORS

Date: **October 22, 2012**    Time: **03:30 PM**

Location: **Flagler Waterview Bldg, 1515 N Flagler Dr Rm 870, West Palm Beach, FL 33401**

**Note: Debtors must bring original government–issued photo identification and proof of the social security number (or if applicable Tax ID) to this meeting.**

**WARNING TO DEBTOR: Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to timely file required schedules, statements or lists, and for failure to file pre–bankruptcy certification of credit counseling or file wage documentation.**

## Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:
Documents submitted for filing must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts:** 12/21/12
**Deadline to Object to Trustee's Report of Abandonment:** See explanation on reverse.
**Deadline to Object to Exemptions:**
30 days after the conclusion of the meeting of creditors or within 30 days of any amendment to the list or supplemental schedules, unless as otherwise provided under Bankruptcy Rule 1019(2)(B) for converted cases.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the bankruptcy clerk's office where assigned judge is chambered:<br>Flagler Waterview Bldg<br>1515 N Flagler Dr #801<br>West Palm Beach FL 33401<br>Telephone: 561–514–4100 | |
|---|---|
| **Hours Open:** Monday – Friday 9:00 AM – 4:30 PM<br>Closed all Legal Holidays | **Clerk of the Bankruptcy Court:** Katherine Gould Feldman<br>**For:** Judge Paul G Hyman Jr<br>**Date:** 9/17/12 |

## EXPLANATIONS

FORM B9A (12/1/11)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side (or the existing case under another chapter has been converted to chapter 7). |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present with required original government–issued photo identification and proof of the social security number (or, if applicable, Tax ID) at the meeting to be questioned under oath by the trustee and by creditors.* **Creditors are welcome to attend, but are not required to do so.** The meeting may be continued and concluded at a later date specified in a notice filed with the court. As mandated by the Department of Homeland Security, **ALL** visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g., drivers license, state identification card, passport, or immigration card). |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this case is converted from chapter 13, pursuant to Local Rules 1019–1(E) and 3002–1(A), it has been designated as a no asset case at this time. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint –– or file a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) –– by the "Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts" listed on the front side of this form. The bankruptcy clerk's office must receive the complaint or motion and the required filing fee by that deadline. Writing a letter to the court or judge is not sufficient. The discharge will not be issued until the Official Bankruptcy Form "Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management" is filed by the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format at any clerk's office public terminal (at no charge for viewing ) or via PACER ON THE INTERNET (charges apply). Case filing information and unexpired deadline dates can be obtained by calling the Voice Case Information System: (305)536–5979 or (800)473–0226. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Abandonment of Property by Trustee | Pursuant to Local Rule 6007–1(A), the trustee will abandon at the meeting of creditors all property that the trustee has determined is of no value to the estate and file a report within 2 business days. Objections to the report must be filed within 14 days of the meeting. |
| Electronic Bankruptcy Noticing | Parties can now choose to receive all notices (including attachments) served by the clerk's office electronically instead of via US mail. For information on or to register for this free service, contact the Bankruptcy Noticing Center at ebn.uscourts.gov |
| Translating Services | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. |

–– Refer to Other Side for Important Deadlines and Notices ––